IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>JUDSON ENTERPRISE, INC. d/b/a K-DESIGNERS,<br><br>      Defendant. | CIVIL ACTION NO. 8:10-cv-5<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Corri Buckley who was adversely affected by such practices. The Commission alleges that Ms. Buckley was treated less favorably than similarly situated male employees because of her sex and that Defendant retaliated against her for complaining of sexual harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment acts alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Judson Enterprise d/b/a K-Designers, a California corporation, has continuously been engaged in business in the State of Nebraska and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Corri Buckley filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2006, Defendant has engaged in the following unlawful employment practices at its Omaha, Nebraska facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a):

   (a) Between approximately June 2006 and July 2007, Defendant denied Ms. Buckley staff and training it provided to comparable male employees, and treated her less favorably because of her sex and in retaliation for complaining of sexual harassment in June 2006;

  (b)  Between approximately June 2006 and July 2007, Defendant subjected Ms. Buckley to adverse terms and conditions of employment, such as requiring her to sign a list of employment requirements, putting her on a performance improvement schedule, instructing other employees not to talk to her, and refusing to talk with her in private because of her sex and in retaliation for complaining of sexual harassment;

  (c)  On or about November 2006, Defendant disciplined Ms. Buckley on at least two occasions because of her sex and in retaliation for complaining of sexual harassment;

  (d)  On or about March 2007, Defendant placed Ms. Buckley on disability leave and refused to allow her to return to work because of her sex and in retaliation for complaining of sexual harassment; and

  (e)  On or about July 5, 2007, Defendant terminated Ms. Buckley from her job as a Window Sales Manager because of her sex and in retaliation for complaining of sexual harassment.

  8.  The effect of the practices complained of in paragraph 7 (including sub-parts (a) through (e)) above has been to deprive Ms. Buckley of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

  9.  The unlawful employment practices complained of in paragraph 7 (including sub-parts (a) through (e)) above were intentional.

  10.  The unlawful employment practices complained of in paragraphs 7 (including

sub-parts (a) through (e)) above were done with malice or with reckless indifference to the federally protected rights of Ms. Buckley.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and/or retaliation.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Ms. Buckley by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Buckley or awarding her frontpay.

D.   Order Defendant to make whole Ms. Buckley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 (including sub-parts (a) through (e)) above, in amounts to be determined at trial.

E.   Order Defendant to make whole Ms. Buckley by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 7 (including sub-parts (a) through (e)) above, including emotional pain, suffering and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Ms. Buckley punitive damages for its malicious and reckless conduct described in paragraph 7 (including sub-parts (a) through (e)) above, in amounts

to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its amended complaint.

            Respectfully submitted,

            /s/ Barbara A. Seely_____
            BARBARA A. SEELY
            Regional Attorney

            /s/Jan Shelly_____
            JAN SHELLY
            Senior Trial Attorney and Lead Counsel
            EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
            St. Louis District Office
            Robert A. Young Federal Bldg.
            1222 Spruce, Room 8.100
            St. Louis, MO  63103
            (314) 539-7918

REQUEST FOR PLACE OF TRIAL

  Plaintiff requests that the trial of this action take place in Omaha, Nebraska.

Respectfully submitted,

/s/ Jan Shelly
JAN SHELLY